We'll hear argument next in the United States v. Young, 18-1406 and 1867. Thank you, Your Honors. Stephen Slowinski from the Western District of New York Federal Defender's Office for Appellant Brendan Young. In this case, Your Honors, the government and the defense agree that the court should the restitution issue that is enumerated as number three in the statement of issues in the brief. However, the defense is asking the court to remand the case for resentencing based on the fact that several errors occurred in the sentencing. May I ask you a question because I found this case a little confusing? Okay. The someone, counsel, on behalf of the defendant, agreed that 30 years' imprisonment was appropriate? Is that correct? That would be correct, Judge, yes. And that was as a result of a state court sentence? Yes, Judge, yes. I was the trial counsel in that case. I'm not saying that that was right or wrong, but that was the agreement at sentencing? That was the proposed sentence that the defense proposed, and that was based on the fact that Mr. Young had already pled guilty in state court and received a 30-year sentence in the New York Department of Corrections. And the sentence imposed was 420? Correct, Judge, with a 14-month credit for the time that he had previously served in state court. In state court. Yes. So what's the excess? What are we talking about? It would be a little under five years. I think it's 46 months. So is that one way to look at this, is that we're really talking, given the 30-year concession, for lack of a better term, we're really talking about this additional five or so years? Correct, Judge, in this case. We are really talking about the 46 months. However, the court should— How was this in any way based on any possible guideline error about whether it's criminal law history three or criminal history one, all of which came out with the same way? And in the end, the judge said, essentially, look, I'm going to give you five years more than what you're already serving for a state thing, which is moderately generous considering the crimes that he was alleged to have done, though most of the most serious ones seem to me to be the state ones. But why isn't that just perfectly okay? And any argument about guidelines or so on, really, in this case, neither here nor there. I think, Judge, the court erred in determining that Mr. Young had a criminal history category three. In this case, it was actually a criminal history category one, according to the PSR and according to the parties. Both of them would have carried to the same sentence. That's correct, Judge, but it would affect Mr. Young down the road. It would affect his designation at the Bureau of Prisons, that he is criminal history category three and not one. It would also affect any violations of supervision. Is the problem that the judgment or the statement of reasons, the written document, says criminal history category three? It was enunciated as three, Judge, and the statement of reasons and judgment also says three. So the judgment says three? Yes. So that problem would be solved, since this is going back anyway, by just a ministerial remand to correct that statement, if you're worried about what impact that has in the Bureau of Prisons, right? Correct, Your Honor. And everyone agrees that it's really one, and, in fact, the judge actually adopted the pre-sentence report, which says criminal history category one. So this is virtually a typo. Correct, Judge, but it is on the judgment, and it would affect Mr. Young down the road. Okay. But to the extent it affects him down the road, we can just direct the district court, I take it, since it's going to have to enter a new judgment anyway, to correct the typo. Correct, Judge, but— So now I think the question of Judge Calabresi comes back, how can this possibly have affected the sentence in any way, since, number one, the criminal history category is irrelevant to what the guideline recommendation is, which is life across the board, regardless of criminal history category, and since the judge obviously disregarded entirely both the government's recommendation of a 100-year sentence and the guideline recommendation, which is effectively 100 years, because whatever else you can say about the guidelines, they're very careful to adjust their recommendations to reflect things like statutory maxima, and gave a sentence that is completely in disregard of the guidelines, and pretty obviously says, I think there should be some increment for the federal nature of the crime and the photography and whatever else above what is the core of the misconduct, which is the 30 years. So how can we say that there's a procedural error that affected that calculation by the court? Well, Judge, we don't know what the district court judge was thinking when he enunciated that his criminal history category was three. That's two levels off from criminal history category one. But the judge knew exactly what his criminal history was. It was not a case where, oh, my goodness, I don't know what these crimes are, but it looks like criminal history category three, that's very serious. The judge knew precisely that the reason it was three rather than one, or the reason why the government had originally thought it was three rather than one, was to give him two points of criminal history for something that also was part of the relevant conduct and therefore affected the offense level and not the criminal history. And the judge knew perfectly well that there was no other criminal history besides some remote misdemeanor. So why would we think that the judge was in any way affected, since it doesn't affect the guideline calculation actually, and it doesn't seem to have anything to do with the sentence rationale that he gave, and the judge knew exactly what the real criminal history of this defendant was? I mean, it just seems to be very hard. We don't know what was going through the judge's mind. All we're left with is the fact that he stated on the record that it was criminal history category three, and that's what made it into the judgment. But he also said he's adopting the pre-sentence report calculation, which is inconsistent with that. That is correct, Judge. It tends to make one think that the judge wasn't really paying a whole lot of attention to the criminal history category as something that mattered to him. I was not driving it. I don't know, Judge. Thank you. Thank you. Thank you very much. We'll hear from the government. Good morning, Your Honor. This is Wei Xiong for the United States SDFL. Your Honor's questions seem to have addressed every point I was going to make, so if there are no questions of me, I'll rest on my feet. So is it right that the actual criminal history category is contained and reflected in the judgment itself? Yes, Your Honor. I think we attach that in the government's appendix. The statement of reasons does have it as a three, but as the court has noted, since the defense concedes, though they disputed a five-level enhancement below, they have not done that on appeal. So they're conceding that the total offense level is correctly calculated as 43, which means whether it's a one or a six. Yeah, but you agree that the criminal history category is one. Right. But what the court is reviewing in terms of procedural reasonableness is the guideline, the sentencing range calculation. Oh, I know, but you agree that that's at least the scrivener's error. Yes. And so presumably the government, being the government, would agree once it's remanded back, and you also agree on the restitution order, once it's remanded back, that that can be corrected. Yes. Right? Yes, sir. I'm just curious about, I don't know, it doesn't necessarily affect this case. It struck me as very peculiar, to say the least, that there is this almost random $1,000 restitution award on behalf of a victim whose role in this case is only that she appears in one of the pictures that was on the defendant's computer, but there is no restitution to the immediate victim that he sexually abused for years. Now, I take it that's because that victim did not seek restitution? Judge, I did not handle this at the trial level. I'm not aware of the reasoning. Whether or not there's the record certainly doesn't bear that. I don't know in the 30-year state sentence whether anything was accounted for, because as Your Honor did note, the crux of the actual abuse was covered by that sentence, and the five years additional added by the district court was for the photographing and the distribution. So we don't really know. Maybe there was a restitution award in the state court, or maybe there wasn't. I did not see anything that looked like a motion for any restitution. Do you happen to know, because I didn't try to research this, does there need to be such a motion by a victim? Can the government make any application for restitution to be provided, or is it the government's practice, which might be very understandable if the victim says, I just don't want to deal with this guy at all. I don't even want to check from him. I never want to see him again, hear from him again, that the government would defer to that. It just strikes me as a very peculiar situation where there is this legally cognizable victim who might be entitled or might not be entitled on remand to some sort of restitution, and that becomes the focus of this somewhat perfunctory award while you've got a real, live victim grievously harmed by this person, and that plays no role in the sentencing. But that's not an issue. I was just curious as to how that might have happened. I guess the answer is you're not sure how that happened because you didn't handle the case, and that's not an issue that anybody raised here. Right, Judge, I would just note with respect to whether it would be mandatory, the Pimentel letter that's in the record at Joint Appendix Page 26, Paragraph 5, does address, or at least it put the defendant on notice with respect to Title 18, United States Code Section 2259, that the court must order restitution for the full amount, and why none was sought here I can't find out in supplement. I was just curious as a matter of law as to how that works, but I'm not going to put you to the trouble of advising me. It's just not before us. It's not before us. Right. 3663A does say mandatory restitution. All right. Thank you very much. Thank you. Thank you, Your Honors. Judge Lynch, I can say that at the sentencing the victim did not request restitution, and there was no victim impact statement submitted on behalf of the actual victim of abuse. The victim impact statements were submitted by the other images that Mr. Young had on his telephone. So I would ask that the court remand this case because the sentence was substantively unreasonable. The court, in determining its sentence, did rely on two different things that I'd like to discuss. One is the fact that it presumed that the images that were found to have been sent or posted to somebody in England made their way and will haunt the victim for the rest of her life. Certainly this is something that could happen, but there is no evidence that the images that Mr. Young sent to this person in England ever made it out anywhere else. So that was something that the court relied on in determining the sentence. Why is that a mistake? The court is right, isn't it, that once these images are distributed, there's no control and no prediction over what happens. The judge knew perfectly well how many images were transmitted as compared to the vast collection. There were only a few that were transmitted, and he knew exactly how many people to whom the defendant sent them, namely one, in England. And he made the point that once it goes to that person, you don't know where it's going. It's now already on another continent, and that means that this distribution is an act that shows greater culpability than if that hadn't happened. I mean, I don't know how much that's worth. I mean, I don't know that I'd be—maybe it would be all one would have if I had a defendant and I was representing him and he hadn't sent it to say, well, he did, you know, abuse this person for years as a child, raped her repeatedly, whatever, but at least he didn't send any pictures to anyone. I'm not sure that's a big mitigation. Flip side, I'm not sure it's a big aggravation, but it is an additional factor, right? Correct, Judge. But I would—the court in its sentencing jumps to conclusions that said that, you know, these pictures will haunt her for the rest of her life. What the court did here seems to me to be well, well within the range of the sensible. It said this is basically a horrible state crime. There is an additional federal element which on the face of it could bring a sentence of a hundred years. On the other hand, what is really involved here as most vicious is the state element. There is something more and I add something more. Now, why isn't that exactly what we want district courts to be making decisions of and as we said in Caveira, not for us to be second guessing? Well, I think, Judge, because the way that the sentence was announced, the reasoning of the sentence, it did contain the district court jumping to these conclusions and it was based on, I believe, emotion rather than a strict reading of the law and the 3553A factors. Thank you. Thank you, Your Honor. Thank you very much. Thank you, Your Honors.